# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00194-CR
### NO. 03-11-00195-CR

**Ex parte Russell Dale Mortland**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
NOS. CR-05-0582-B & CR-05-0583-B, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

### M E M O R A N D U M   O P I N I O N

Appellant Russell Dale Mortland appeals orders denying relief in these article 11.072 post-conviction habeas corpus proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). We affirm.

On November 29, 2007, Mortland was convicted for retaliation (cause number CR-05-0583) and three counts of fraudulently filing a financing statement (cause number CR-05-0582). He was sentenced to ten years' imprisonment for the retaliation and twenty-four months in state jail for each of the fraud counts. Imposition of sentence was suspended in both causes, and Mortland was placed on community supervision. On appeal, this Court reversed the conviction on the third fraud count and ordered that count dismissed; the other convictions were affirmed. *Mortland v. State*, Nos. 03-08-00029-CR & 03-08-00030-CR (Tex. App.—Austin Dec. 30, 2008, pet. ref'd) (mem. op., not designated for publication).

In his writ applications, Mortland contends that he was denied his right to counsel at a hearing before a magistrate on September 16, 2005, shortly after his arrest in these causes. He relies on the opinion of the Supreme Court in *Rothgery v. Gillespie County*, 554 U.S. 191 (2008).

Contrary to Mortland's contention, *Rothgery* did not hold that a defendant has a right to counsel at his initial appearance before a judicial officer; that is, it did not hold that this appearance is a critical stage of a criminal proceeding. *See id*. at 212-13. It held only that the Sixth Amendment right to counsel attaches at such an appearance and that counsel must be appointed (or the defendant must be given the opportunity to retain counsel) within a reasonable time thereafter. *Id*. Mortland does not allege, much less demonstrate, that he was denied counsel at a critical stage.

The orders denying relief are affirmed.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed: August 11, 2011

Do Not Publish

2